NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2168
_____

ROBERT T. PRITCHARD, SR.;
ELIZABETH ANN PRITCHARD, his wife,
                                                        Appellants
                                    v.

DOW AGRO SCIENCES, a division of DOW CHEMICAL COMPANY;
SOUTHERN MILL CREEK PRODUCTS OF OHIO; RESIDEX CORPORATION
_____

On Appeal from the United States District Court
for the Western District of  Pennsylvania
District Court No. 2-07-cv-01621
District Judge: The Honorable Nora B. Fischer

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 10, 2011

Before: SMITH, CHAGARES, and VANASKIE, *Circuit Judges*

(Filed:  June 2, 2011)

_____

OPINION
_____

SMITH, *Circuit Judge.*

    Robert T. Pritchard, Sr. alleges that he developed cancer as the result of

exposure to Dursban, a pesticide produced by defendant Dow AgroSciences. His wife claims to have suffered derivative injuries. In support of their complaint, the Pritchards solicited the expert testimony of Dr. Bennet I. Omalu, who provided the District Court with a report and, later, a declaration stating that Dursban caused Robert Pritchard's cancer. Although the court found Dr. Omalu to be a qualified expert, it ruled (on Dow's motion) that his proposed testimony was unreliable and therefore inadmissible at trial under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702. The parties stipulated that the exclusion of Dr. Omalu's testimony doomed the Pritchards' lawsuit, because the plaintiffs have no other evidence of causation. The court therefore entered judgment for the defendants. Plaintiffs appeal the *Daubert*/Rule 702 ruling in the hope of breathing life back into their case. The District Court had diversity jurisdiction under 28 U.S.C. § 1332; our jurisdiction to review its final judgment is premised on 28 U.S.C. § 1291. A decision to exclude expert testimony is reviewed for abuse of discretion, though we apply de novo review to the District Court's articulation of the governing legal standards. *See Elcock v. Kmart Corp.*, 233 F.3d 734, 745 (3d Cir. 2000).

The Pritchards raise two arguments on appeal, neither of which has merit. First, they say that the District Court violated the doctrine of *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), by applying substantive rules of federal common

2

law in a diversity action that is properly governed by state law. Specifically, they argue that, in the course of finding that Dr. Omalu's testimony was unreliable, the District Court erroneously relied on three principles that are "at odds with Pennsylvania substantive law governing the level of certainty required to establish causation":

> (i) that an expert must rule out unknown or ideopathic [sic] [i.e., uncertain] causes of injury; (ii) that he may not rely upon a study showing less than a two-fold increased risk; and (iii) that he may not rely upon a study that is not statistically significant across a 95% confidence interval.

Br. for Appellants 5 (footnote omitted). It is true that the District Court noted that Dr. Omalu did not rule out unknown or idiopathic causes; that the court considered the fact that the epidemiological study on which the doctor wished to rely showed only "a relative risk of 2.0"; and that the court observed that the proposed testimony was "not grounded in science as [Dr. Omalu] has not presented any statistically significant evidence showing an association between any of the chemical agents at issue and [non-Hodgkins lymphoma]." *See Pritchard v. Dow Agro Sciences*, 705 F. Supp. 2d 471, 492, 486, 493 (W.D. Pa. 2010). But Judge Fischer merely considered these factors, among "a host of other deficiencies," as components of her determination that the proffered testimony failed to satisfy the admissibility standard. *Id.* at 494. She explicitly "did not adopt any 'bright-line' rules but instead evaluated the Plaintiffs' proffer of Dr. Omalu using a 'flexible'

approach as directed by the Court of Appeals in *Heller* [*v. Shaw Industries*, 167 F.3d 146 (3d Cir. 1999)]." *Id.* The court did not hold that an expert must do this or may not do that, but rather considered together all of the particular steps taken in this case—in light of which it found the doctor's methodology and proposed testimony unreliable and thus inadmissible. This was an evidentiary ruling, separate and distinct from any substantive question regarding causation (which the court never had reason to reach). *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 761 n.31 (3d Cir. 1994). Such procedural issues are governed by federal law, which the court applied correctly. Its decision does not violate *Erie*.

The Pritchards' second argument is that the District Court improperly "invaded the province of the jury" by excluding Dr. Omalu's testimony after weighing the plaintiffs' proffered evidence against the defendants'—the suggestion being that a jury should have been presented with both sides' testimony and allowed to decide which was more credible. "The Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact," *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008), so testimony should not be excluded simply because a judge thinks its probative value is outweighed by other evidence. The District Court engaged in no such balancing. Instead, it rightly concluded that Dr. Omalu's proposed testimony was unreliable due to numerous cracks in its scientific foundation. Specifically, Dr. Omalu cited only

4

one specific study in support of his general conclusion that Dursban causes cancer—and in fact, he relied not on the study itself but on his own reinterpretation of the study's findings using a lower confidence interval. (That is, he recalculated the study's conclusions so as to serve his client's litigation needs while simultaneously rendering them less scientifically reliable.) Moreover, the plaintiffs offered no evidence to explain the methods through which Dr. Omalu recalculated the study's results, leaving the court unable to evaluate the reliability of his methodology. The District Court therefore correctly rejected Dr. Omalu's reinterpretation of the study as a sound basis on which to form an expert opinion. Because his assertions regarding general causation were otherwise unsupported, the court properly excluded them. Judge Fischer was also on firm ground when she deemed unreliable Dr. Omalu's specific conclusion that Dursban had caused Mr. Pritchard's illness. That conclusion was not supported by evidence in the medical records, discovery responses, deposition testimony, application records, or any other information regarding Mr. Pritchard's exposure to Dursban or other pesticides. Dr. Omalu also failed to adequately address possible alternative causes of Mr. Pritchard's cancer. Although the District Court did reference certain of the defendants' evidence, it did so only after deciding that Dr. Omalu's proposed testimony was fatally unreliable. It did not base its ruling on improper balancing.

The District Court committed no error in excluding Dr. Omalu's testimony,

so we will affirm its judgment.